Judgment rendered August 12, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,912-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ROCHELLE SCHOFIELD, IN HER          Plaintiffs-Appellees
CAPACITY AS EXECUTRIX OF
THE ESTATE OF JOHN D.
SCHOFIELD

versus

JOHN MANCINI           Defendant-Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Webster, Louisiana
Trial Court No. 80,251

Honorable Douglas Stinson, Judge

* * * * *

JACKSON & BELL, LLC          Counsel for Appellant
By: Murphy Fairfax Bell, Jr.

DAVID LEE COLEMAN, II

ANDREA V. MORRISON, LLC
By: Andrea V. Morrison

STERNBERG, NACCARRI & WHITE, LLC    Counsel for Appellees,
By: Scott L. Sternberg          Rochelle Schofield and
    Graham H. Williams          Estate of John D.
    Katherine E. Gressett          Schofield

* * * * *

Before STEPHENS, HUNTER, and MARCOTTE, JJ.

**HUNTER, J.**

Defendant, John Mancini, appeals a district court judgment granting a motion for summary judgment filed by plaintiff, Rochelle Schofield, in her capacity as executrix of the estate of John D. Schofield and nullifying the judgments entered in an underlying lawsuit. For the following reasons, we affirm.

**FACTS**

On December 8, 2014, defendant herein, John Mancini, a resident of Staten Island, New York, filed a lawsuit for breach of contract and fraud against multiple defendants, including Fleur De Lis Film Studios ("Fleur De Lis") located in Doyline, Louisiana. Also named as defendants were Fleur De Lis's owner/president/manager, Bobby J. Davis, its chief operations officer, Bob Dziadkowiec, and its production manager, John D. Schofield. In the lawsuit, Mr. Mancini alleged he entered into a contract with Fleur De Lis, Davis, and Dziadkowiec, and he paid them $25,000 toward the production of "Bristled: The Howl Chronicles," and he was to receive, *inter alia*, an executive producer credit, a role in the production, and a one percent point in perpetuity equity interest. The record contains a copy of two documents entitled, "Deal Memo." The agreements were between Mr. Mancini and Fleur De Lis and were signed by Mr. Mancini, Davis, and Dziadkowiec.

Mr. Schofield, a resident of California, was served via the long-arm statute but did not answer the lawsuit. On June 3, 2015, Mr. Mancini filed a motion for a default judgment asserting "service of citation and petition was made on the defendant, John D. Schofield, on the 17th day of February 2015 via the Long Arm Statute." A default judgment was entered against Mr.

Schofield; however, the judgment denied the relief sought due to "lack of evidence." However, on March 28, 2016, an amended judgment was entered ordering Mr. Schofield to pay damages in the amount of $60,000, court costs, and $5,000 in attorney fees. The previously mentioned "Deal Memo" was attached to the judgment. However, the document was not authenticated and did not reference Mr. Schofield. The judgment was amended on April 18, 2016, to correct typographical errors, and again on May 8, 2020, to correct the spelling of Mr. Schofield's name.

Mr. Schofield passed away on July 30, 2020, and his surviving spouse, Rochelle Schofield, was appointed executrix of his estate. Approximately two years later, on August 9, 2022, Mrs. Schofield learned of the existence of the breach of contract lawsuit and the default judgment. On September 9, 2022, Mrs. Schofield, in her capacity as executrix of Mr. Schofield's estate ("the Estate"), filed a petition to annul the judgment of default, alleging the judgment was "improperly confirmed, without the presentation of any admissible evidence." Mr. Mancini, via his counsel of record, answered the petition and filed a peremptory exception of res judicata; the trial court overruled the exception.

On June 27, 2025, the Estate filed a motion for summary judgment, arguing the prior default judgment should be annulled because it was entered contrary to the mandate of La. C.C.P. art. 1702(A), which provides, "A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." Mr. Mancini did not file an opposition to the motion for summary judgment.

A hearing was set for September 2, 2025. On August 27, 2025, after the 15-day deadline to file an opposition to the motion for summary

2

judgment had elapsed, Mr. Mancini filed a motion to continue the summary judgment hearing and an exception of insufficiency of service. Attorney David Coleman, Mr. Mancini's counsel of record, appeared at the hearing on the motion for summary judgment and argued the hearing should be continued because Mr. Mancini had terminated him after he obtained the default judgment and had not had the opportunity to obtain new counsel. Mr. Coleman also asserted the hearing should be continued because Mr. Mancini was unable to attend due to annual military training. After hearing counsel's argument, the trial court denied the motion to continue, noting Mr. Coleman was listed in the record as counsel of record, he had filed an answer to the petition to annul, he had filed various pleadings in the current proceedings, and he had appeared in court to represent Mr. Mancini during these proceedings. The court also noted Mr. Coleman had not filed a motion to withdraw as Mr. Mancini's counsel. Additionally, the court did not allow Mr. Coleman to argue in opposition to the motion for summary judgment because he had not filed an opposition to the motion.

At the conclusion of the hearing, the court granted the Estate's motion for summary judgment and entered a judgment nullifying the default judgment, stating:

> [T]he original judgment was obtained, there's no affidavit, it was in chambers, no testimony, so the Court's of the opinion that the original default judgment was improperly granted due to a lack of any evidence to present any sort of case against Mr. Schofield. On top of that, I believe the *Temple* case would be on point in this matter that the default judgment was obtained by fraud or ill practices. *** [T]hat doesn't necessarily mean intentional wrongdoing, but I just believe the interest of justice would move the Court to set aside that default judgment. Based on the lack of evidence, I'm not even sure that the Court had jurisdiction over Mr. Schofield.

3

Mr. Mancini appeals.

## DISCUSSION

Mr. Mancini contends the trial court abused its discretion by denying his motion to continue the hearing on the motion for summary judgment. He argues his "former counsel" filed a motion to continue and an exception of insufficiency of service on August 27, 2025, prior to the hearing, and pursuant to La. C.C.P. art. 1601, a continuance should be granted "if there is good ground therefor." He also argues that the trial court must consider the particular facts of a case when deciding whether to grant or deny a continuance, including diligence and good faith of the party seeking the continuance and other reasonable grounds. *See*, *McCoy v. Manor*, 18-1228 (La. App. 1 Cir. 5/9/19), 277 So. 3d 344. According to Mr. Mancini, his former counsel's withdrawal and/or termination, as well as his absence due to a military commitment, constituted good grounds for a continuance.

La. C.C.P. art. 966(B) provides, in relevant part:

> Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:
> ***
> (2) *** [A]ny opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313(A)(4) not less than fifteen days prior to the hearing on the motion.
> ***

La. C.C.P. art. 966(C) provides, in relevant part:

> (1) Unless otherwise agreed to by all of the parties and the court:
>
> (a) A contradictory hearing on the motion for summary judgment shall be set not less than thirty days after the filing and not less than thirty days prior to the trial date.
> ***

4

> (2) For good cause shown, the court may order a continuance of the hearing.
>
> ***

A continuance under La. Code Civ. P. art. 966(C)(2) cannot serve as a pretext to circumvent the deadlines set forth in La. C.C.P. art. 966(B)(2). *Mahe v. LCMC Health Holdings LLC*, 23-00025 (La. 3/14/23), 357 So. 3d 322; *Seaberry v. GoAuto Ins. Co.*, 56,181 (La. App. 2 Cir. 7/16/25), 417 So. 3d 1197. In *Mahe*, *supra*, the plaintiff alleged her expert was out of town, and therefore, the expert's absence constituted good cause for a continuance. The Supreme Court noted the plaintiff failed to move for a continuance prior to the expiration of the 15-day deadline and concluded these facts did not constitute a showing of good cause for purposes of granting a continuance under La. C.C.P. art. 966(C)(2). In *Seaberry*, *supra*, the plaintiffs did not file an opposition to the motion for summary judgment. Rather, plaintiff's counsel appeared at the scheduled hearing on the motion and orally requested a continuance. This Court found the trial court erred in granting the motion to continue the hearing.

In the instant case, the motion for summary judgment was filed on June 27, 2025, and the district court scheduled the hearing on the motion for September 2, 2025. Consequently, pursuant to La. C.C.P. art. 966, Mr. Mancini's opposition to the motion for summary judgment was due on August 18, 2025 (15 days prior to the hearing). He did not file an opposition prior to this date. Rather, Mr. Mancini's counsel of record filed a motion to continue on August 27, 2025. Notwithstanding the fact he was Mr. Mancini's counsel of record, had accepted service on behalf of Mr. Mancini, had filed pleadings in these proceedings on behalf of Mr. Mancini, including an answer to the petition to annul and motion to continue, and had not filed a

5

motion to withdraw as counsel, Mr. Coleman argued he had been terminated as Mr. Mancini's counsel, which constituted good cause for a continuance. He also argued that a continuance was also required because Mr. Mancini could not personally be present at the hearing due to a mandatory miliary commitment. As the district court noted, Mr. Coleman was listed in the record as Mr. Mancini's counsel, he accepted service of citation and filed an answer and other pleadings in these proceedings on Mr. Mancini's behalf. We find no merit to Mr. Mancini's arguments regarding being unrepresented by counsel and being unable to personally appear at the hearing.

Based on the Louisiana Supreme Court's holdings in *Mahe*, *supra*, *Hadwin v. ABC Ins. Co.*, 24-00072 (La. 4/9/24), 382 So. 3d 827, and *Auricchio v. Harriston*, 20-01167 (La. 10/10/21), 332 So. 3d 660, and this Court's ruling in *Seaberry*, *supra*, we find the district court did not err denying Mr. Mancini's motion to continue the hearing on the motion for summary judgment. Consequently, we will conduct our de novo review of the ruling on the motion for summary judgment.

Mr. Mancini also contends the district court erred in granting the Estate's motion for summary judgment and nullifying the default judgment. He argues the Estate failed to bring the action to annul within one year of discovery and failed to prove the requisite elements for annulling a judgment, applied incorrect legal principles, and committed prejudicial errors.

The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. La. C.C.P. art. 966 (A)(1). A genuine issue is one about

6

which reasonable persons could disagree. *King v. Town of Clarks*, 21-01897 (La. 2/22/22), 345 So. 3d 422; *Seaberry*, *supra*. A material fact is one that potentially ensures or precludes recovery, affects the ultimate success of the litigant, or determines the outcome of the dispute. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material for summary judgment purposes can be seen only in light of the substantive law applicable to the case. *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So. 3d 876; *Rugg v. Horseshoe Ent.*, 55,239 (La. App. 2 Cir. 1/10/24), 378 So. 3d 323, *writ denied*, 24-00181 (La. 4/3/24), 382 So. 3d 108.

La. C.C.P. art. 966(D)(1) allocates the burden of proof on summary judgment as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

To avoid dismissal, the plaintiff in a negligence action must introduce (for the purpose of summary judgment) *prima facie evidence* of the element or elements of that claim challenged by the motion for summary judgment. *Seaberry*, *supra*; *McGee v. Ashford Place Apartments, LLC*, 54,795 (La. App. 2 Cir. 11/16/22), 351 So. 3d 899. Appellate courts review motions for summary judgment de novo, using the same criteria that governed the trial court's determination of whether summary judgment is appropriate. *Farrell v. Circle K Stores Inc.*, 22-00849 (La. 3/17/23), 359

7

So. 3d 467; *Noland v. Lenard*, 55,342 (La. App. 2 Cir. 11/15/23), 374 So. 3d 1133, *writ denied*, 23-01670 (La. 2/14/24), 379 So. 3d 32.

A final judgment obtained by fraud or ill practices may be annulled. La. C.C.P. art. 2004(A). An action to annul a judgment on grounds of fraud or ill practices must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices. La. C.C.P. art. 2004(B). The burden of proof is on the party seeking the nullity to establish that the action was brought within one year of the discovery of fraud or ill practices. *Pentecost v. Grassi*, 56,113 (La. App. 2 Cir. 2/26/25), 408 So. 3d 1022; *Cariere v. The Kroger Store*, 52,846 (La. App. 2 Cir. 8/14/19), 276 So. 3d 1150, *writ denied*, 19-01471 (La. 11/12/19), 282 So. 3d 224; *Burkett v. Prop. of Douglas*, 575 So. 2d 888 (La. App. 2 Cir. 1991). The one-year limitation of La. C.C.P. art. 2004(B) is considered a period of peremption rather than prescription. *Id.*

La. C.C.P. art. 2004(B) does not require actual knowledge that the actions constituted fraud or ill practices to commence the one-year peremptive period for an action to annul a judgment. Constructive knowledge of the facts, not knowledge of the legal consequences, is sufficient to commence the one-year peremptive period. *Bryant v. Dean Morris, LLC*, 54,657 (La. App. 2 Cir. 8/10/22), 345 So. 3d 483, *writ denied*, 22-01543 (La. 12/6/22), 351 So. 3d 366.

For the purposes of determining when the one-year period to bring a nullity action begins to run, the date of discovery of the fraud or ill practice is the date on which a plaintiff knew, or should have know through the exercise of reasonable diligence, of facts sufficient to excite the attention and put the plaintiff on guard and call for inquiry, and such notice is

8

tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. *Bryant*, *supra*, citing *Ellison v. Ellison*, 06-944 (La. App. 1 Cir. 3/23/07), 960 So. 3d 155.

Throughout these proceedings, the Estate has maintained it discovered the existence of the breach of contract lawsuit and default judgment on August 9, 2022. The petition to annul the judgment was filed on September 9, 2022, well within the one-year prescriptive/peremptive period. Consequently, we find no merit to Mr. Mancini's claim the action was barred by prescription.

Mr. Mancini further argues the trial court erred in entering a judgment nullifying the default judgment. He argues the Estate failed to prove the requisite elements for nullifying the default judgment. According to Mr. Mancini, the record does not establish Mr. Schofield was deprived of any legal rights regarding the default judgment or enforcing the default judgment would be unconscionable and inequitable. He asserts plaintiff's nullity action is nothing more than an attempt to relitigate the underlying breach of contract claim.

A judgment of default must be confirmed by proof of the demand sufficient to establish a *prima facie* case. La. C.C.P. art. 1702(A). A *prima facie* case is established when the plaintiff proves the essential allegations of the petition with competent evidence to the same extent as if the allegations had been specifically denied. The plaintiff must present competent evidence that convinces the court that it is probable that he or she would prevail at trial. *Jackson v. Reed*, 47,293 (La. App. 2 Cir. 5/29/13), 116 So. 3d 977. La. C.C.P. art. 1702(B) contains the evidentiary prerequisites to establish a *prima facie* case sufficient to confirm a default. When a demand

9

is based upon a conventional obligation, affidavits and exhibits annexed thereto that contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. La. C.C.P. art. 1702(B).

The two criteria for determining whether a judgment has been obtained by fraud or ill practice include: (1) whether the circumstances under which the judgment was rendered show that the litigant seeking relief was deprived of legal rights, and (2) whether the enforcement of the judgment would be unconscionable or inequitable. *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 01-0149 (La. 10/16/01), 800 So. 2d 762; *Kem Search, Inc. v. Sheffield*, 434 So. 2d 1067 (La. 1983); *Payne v. Glass*, 41,232 (La. App. 2 Cir. 8/23/06), 939 So. 2d 526; *Yellowbird Investments, L.L.C. v. Barber*, 46,977 (La. App. 2 Cir. 3/14/12), 87 So. 3d 970.

La. C.C.P. art. 2004 is not limited to cases of actual fraud or intentional wrongdoing. Rather, it encompasses situations in which a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right. *Kem Search*, *supra*; *Pentecost*, *supra*; *Yellowbird Investments, L.L.C.*, *supra*; *Lieber v. Caddo Levee Distr. Bd. of Com'rs*, 32,551 (La. App. 2 Cir. 12/8/99), 748 So. 2d 587, *writ denied*, 00-0561 (La. 4/7/00), 759 So. 2d 763, *cert. denied*, 531 U.S. 928, 121 S. Ct. 306, 148 L. Ed. 2d 246 (2000). Conduct which prevents an opposing party from having an opportunity to appear or to assert a defense constitutes a deprivation of his legal rights. *Yellowbird Investments*, *supra*; *Kem Search*, *supra*. A trial court has discretion in deciding whether a judgment should be annulled due to fraud or ill practices, to which discretion the reviewing

10

courts will defer. *Power Marketing Direct, Inc. v. Foster*, 05-2023 (La. 9/06/06), 938 So. 2d 662; *Kem Search*, *supra*; *Adcock v. Ewing*, 45,949 (La. App. 2 Cir. 1/26/11), 57 So. 3d 434.

Herein, Mr. Mancini filed a breach of contract lawsuit against Mr. Schofield and other defendants. The "Deal Memos" introduced into the record reveal Mr. Mancini entered into two agreements with Fleur De Lis, Bobby Davis, and Bob Dziadkowiec. The agreements were signed by Mr. Mancini, Davis, and Dziadkowiec. Mr. Schofield was not mentioned in the agreements, and there were no allegations in the breach of contract lawsuit regarding any wrongdoing on the part of Mr. Schofield. Thus, we find Mr. Mancini failed to present competent evidence sufficient to convince the court it is probable he would prevail at trial. Consequently, we find the trial court did not abuse its discretion in nullifying the default judgment.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed. Costs of the appeal are assessed to defendant, John Mancini.

**AFFIRMED.**